UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

ANIBAL MARTINEZ, and other similarly )
situated individuals, )
 )
        Plaintiff(s), )
 )
v. )
 )
THE COLONY HOTEL INC.; COLUMBUS )
RESTAURANT LLC; and MMPB GROUP, )
LLC., )
 )
        Defendants. )
 )

# COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, ANIBAL MARTINEZ ("Plaintiff") and other similarly situated individuals, sue the Defendants, THE COLONY HOTEL INC.; COLUMBUS RESTAURANT LLC; and MMPB GROUP, LLC. (the "Defendants"), and allege:

## JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

## VENUE

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants conduct business in Florida and own/operate a restaurant in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

4. Defendants are entities engaged in related activities, which perform through a unified operation, with a common ownership, with a common business purpose, and under common control and administration.

5. Defendants share offices, location, and employees.

6. Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. Defendants are an integrated enterprise. Alternatively, each company is a covered enterprise under the Act.

7. Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. Defendants are joint employers. Alternatively, each company is a covered enterprise under the Act.

**COUNT I: WAGE AND HOUR VIOLATION BY DEFENDANTS**

8. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-7 above as if set out in full herein.

9. This action is brought by Plaintiff and those similarly situated to recover from the Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants operate as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Defendants as a group was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

11. Alternatively, each Defendant's annual gross revenue was in excess of $500,000 during the relevant time.

12. By reason of the foregoing, the Defendants are and were, during all times hereafter mentioned, an enterprise or enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Defendants. The Defendants' business activities involve those to which the Act applies. The Defendants, through their business activity, affect interstate commerce. The Plaintiff's work for the Defendants likewise affects interstate commerce. Plaintiff was employed by the Defendants as a cook for restaurant called "Columbus".

13. While employed by the Defendants, Plaintiff worked approximately an average of 55 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was employed as a cook performing the same or similar duties as that of those other similarly situated cooks whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

14. Plaintiff worked for the Defendants from approximately 10/2013 to 10/2014. In total, Plaintiff worked approximately 23.857 compensable weeks under the Act, or 23.857 compensable weeks if we count 3 years back from the filing of the instant action.

15. The Defendants paid Plaintiff on average approximately $10 per per hour.

16. The Defendants paid Plaintiff for *some* overtime hours, but not for all overtime hours worked by Plaintiff.

17. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

18. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of his unpaid overtime wages is as follows:

   a. **Actual Damages: $5,367.86**

      i. <u>Calculation</u>: $10 (hourly pay) x 1.5 (overtime rate) x 15 (approximate number of overtime hours) x 23.857 (compensable weeks) = $5,367.86

   b. **Liquidated Damages:** $5,367.86

   c. **Total Damages: $10,735.71** plus reasonable attorneys' fees and costs of suit.

19. At all times material hereto, the Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated

performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Defendants who are and who were subject to the unlawful payroll practices and procedures of the Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

20. The Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

21. The Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Defendants as set forth above.

22. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Defendants

on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: May 17, 2017.

                Respectfully submitted,

                By:  /s/ R. Martin Saenz
                R. Martin Saenz, Esquire
                Fla. Bar No.: 0640166
                Email: msaenz@saenzanderson.com
                SAENZ & ANDERSON, PLLC
                20900 NE 30th Avenue, Ste. 800
                Aventura, Florida 33180
                Telephone: (305) 503-5131
                Facsimile: (888) 270-5549